UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee for
Soundview Home Loan Trust 2006-
OPT5, Asset-Backed Certificates,
Series 2006-OPT5,
    Plaintiff,

v.

DAVID W. WAGNER,
    Defendant.

C.A. No. 19-554-JJM-LDA

## ORDER

Plaintiff Deutsche Bank National Trust Company filed this suit for judicial foreclosure on Defendant David Wagner's home located at 55 Downing Street, East Greenwich, Rhode Island ("Property") after he defaulted on his Mortgage obligations. Deutsche Bank seeks in Count I, a declaratory judgment that it is the holder of the Note and Mortgage and is entitled to enforce the default remedies; in Count II, a decree for strict foreclosure vesting title of the Property to Deutsche Bank; and in Count III, a judgment pursuant to R.I. Gen. Laws § 34-27-1. Deutsche Bank moves for summary judgment on Counts I and III.[1]  ECF No. 44. Mr. Wagner filed Counterclaims against Deutsche Bank (ECF No. 51) and opposed the motion, arguing that there are disputed issues of fact precluding judgment at this time. Deutsche

---

[1] Deutsche Bank waives the relief sought in Count II so that Count is DISMISSED.

Bank also moves to strike Mr. Wagner's Counterclaims on the grounds that they are out of time and futile. ECF No. 62. The Court GRANTS both motions.

## I. BACKGROUND

The Court will briefly review the relevant facts.

Mr. Wagner owned the property at 55 Downing Street in East Greenwich, Rhode Island with a mortgage loan from Option One Mortgage Corporation. The loan is evidence by a Note, which is secured by a Mortgage for $724,500.00.

The ownership and servicing rights of Mr. Wagner's Note and Mortgage have passed through several iterations, but ultimately Deutsche Bank now owns the loan, and has possession of the Note through a pooling and servicing agreement dated June 1, 2006, creating the Soundview Home Loan Trust 2006-OPT5, Asset-Backed Certificates, Series 2006-OPT5 as Trustee and Ocwen Loan Servicing, LLC ("Ocwen") is the servicer as of March 1, 2013.[2]

Mr. Wagner failed to pay the monthly principal and interest payments. Ocwen sent him Notices of Default in November 2016. He never cured the default, and the Mortgage has been in arrears since October 1, 2016.

Ocwen transferred the servicing rights to Mr. Wagner's Mortgage to PHH Mortgage Corporation in June 2019. Deutsche Bank sent him a Notice of Acceleration in September 2019. PHH offered Mr. Wagner a Streamline Modification

---

[2] Mr. Wagner filed for Chapter 7 Bankruptcy in January 2018. In his Schedule D, he listed the Downing Street property as a secured claim. The Bankruptcy Court granted Deutsche Bank relief from the stay to foreclose on the Mortgage in March 2018.

Trial Period Plan Offer ("TPP Offer"), which he accepted but then made none of the three trial payments required so PHH terminated the TPP Offer.

Deutsche Bank now pursues this judicial foreclosure action and moves for summary judgment. ECF No. 44. Post-motion, Mr. Wagner, who represents himself,[3] filed a "Presentation of Counterclaims." ECF No. 51. Deutsche Bank moves to strike the Counterclaims. ECF No. 62.

## II.   STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To decide whether summary judgment is suitable, the court analyzes the record in the light most favorable to the nonmovant and draws all reasonable inferences in that party's favor. *See Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir. 1997). "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Medina-Munoz v. R.J. Reynolds Tobacco*

---

[3] Mr. Wagner is pro se and, as such, the Court will construe his pleadings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997); *see Castro v. United States*, 540 U.S. 375, 381 (2003) (courts may construe *pro se* pleadings to avoid unnecessary dismissals of claims).

3

*Co.*, 896 F.2d 5, 8 (1st Cir. 1990) (citing *Rossy v. Roche Prod., Inc.*, 880 F.2d 621, 624 (1st Cir. 1989); *Oliver v. Dig. Equip. Corp.*, 846 F.2d 103, 109–10 (1st Cir. 1988)).

### III. DISCUSSION

#### A. Motion to Strike Counterclaims

Mr. Wagner filed Counterclaims on May 27, 2022, alleging that Deutsche Bank is part of a syndicate of mortgage loan originators and servicers who "knowingly and willfully cooperated in the origination and servicing of a number of mortgages and/or loan agreements that had material defects in the documentation or closing process that impaired the validity of these mortgages and were injurious to the borrowers." ECF No. 51 at 1. He alleges that he "is one of the innocent victims of this PAS Syndicate's knowing and willful defective home loan origination and servicing scheme" because he had a Mortgage with them on the Property. *Id.* As remedies, he seeks among other things, that the original Mortgage be declared null and void and that he be granted clear title to the Property.

Deutsche Bank seeks to strike the Counterclaims, arguing that these allegations arise out of its origination and servicing of his Mortgage loan so, according to Rule 13 of the Federal Rules of Civil Procedure, Mr. Wagner should have made these Counterclaims when he filed his answer on December 13, 2019. Because he filed them about two and a half years after he answered the complaint and that fact discovery closed three months ago, the Counterclaims are out of time. Deutsche Bank also argues that the Counterclaims fail to state a claim. Mr. Wagner does not address

4

the timeliness of his Counterclaims, but argues that he has raised issues that should be decided by a jury. *Id.*

Although his allegations are vague and conclusory as to Deutsche Bank's conduct,[4] the Court finds that they arise out of its "origination and servicing" of mortgages not only on his property in East Greenwich but on other unspecified mortgages, so he had to file the Counterclaims with his answer on December 13, 2019. Because he filed them on May 27, 2022, even giving deference to his pro se status, the Court finds that Mr. Wagner's Counterclaims are untimely and therefore GRANTS Plaintiff's Motion to Strike. ECF No. 62. The Counterclaims are stricken.

### B. Motion for Summary Judgment

In this suit, Deutsche Bank seeks a judicial foreclosure. Section 34-27-1 of the Rhode Island General Laws states: "[a]ny person entitled to foreclose the equity of redemption in any mortgaged estate, whether real or personal, may prefer a complaint to foreclose it, which complaint may be heard, tried, and determined

---

[4] The Court also notes that Mr. Wagner's Counterclaims would not survive a motion to dismiss. Rule 8(a) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading replete with "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" does not satisfy Rule 8. *Id.*; *Twombley*, 550 U.S. at 555, 557. In his Counterclaims, Mr. Wagner alleges that Deutsche Bank and others originated and/or serviced mortgages with unnamed but material defects and that he is an innocent victim of this scheme. ECF No. 51 at 1. He does not name the so-called scheme, nor does he describe the material defects in the documentation or closing process that caused him to stop paying his mortgage.

5

according to the usages in chancery and the principles of equity." In moving for summary judgment, Deutsche Bank seeks this Court's determination that there are no disputed issues of material fact such that the judicial foreclosure against Mr. Wagner's property in East Greenwich can proceed. Mr. Wagner opposes the motion, arguing generally that Deutsche Bank took part in a scheme that originated defective mortgages (of which his was one) and that there are disputed issues of fact although he does not raise any specific material facts in dispute.[5]

In the face of these arguments, the Court finds the following undisputed facts: 1) Deutsche Bank is the holder of Mr. Wagner's Note and Mortgage; 2) Mr. Wagner has defaulted on the Note and breached the Mortgage by failing to make any payment since September 2016; 3) Deutsche Bank, through its loan servicer, issued a Notice of Default to Mr. Wagner before beginning this judicial foreclosure action; and 4) PHH offered Mr. Wagner mortgage assistance but he failed to make the three trial payments and did not cure his default. The Court will explain these findings below but makes them in Deutsche Bank's favor so that its motion for summary judgment is GRANTED.

---

[5] Significant to Mr. Wagner's failure to raise disputed issues of material fact in response to Deutsche Bank's motion is Deutsche Bank's assertion that it provided Mr. Wagner with 365 pages of origination documents and over 1400 pages of communication and other activity surrounding his Mortgage loan in response to his discovery requests. If there were disputed facts with which Mr. Wagner could challenge Deutsche Bank's ability to foreclose on his property, surely this document production would have provided him with specifics to inform the Court.

### 1. *Deutsche Bank as Trustee Holds the Note and Mortgage*

It is undisputed that Deutsche Bank holds the Note and Mortgage through a pooling and servicing agreement that governs the trust into which his Mortgage was deposited with Deutsche Bank as Trustee. *Glassie v. Doucette*, 157 A.3d 1092, 1099-1100 (R.I. 2017) (holding that trustee to a trust is the party who pursues proceedings on behalf of the trust and its beneficiaries against a third party). Deutsche Bank as Trustee is authorized to act on behalf of the trust, which is the holder of the Mortgage.

### 2. *Mr. Wagner Defaulted*

There is no dispute that Mr. Wagner has made no payments on his Mortgage since before October 1, 2016. His failure to make these payments resulted in default on the Note and breach of the Mortgage.

### 3. *Deutsche Bank Issued the Notice of Default*

Ocwen, as the loan's servicer, issued the November 3, 2016 Notice of Default[6] to Mr. Wagner. A foreclosure sale is valid where the servicer, acting under power of attorney, properly mailed notice of sale to the borrowers because a servicer, as agent for the lender, acquires all rights possessed by the lender, including the right to exercise the power of sale. *Breggia v. Mortg. Elec. Registration Sys.*, 102 A.3d 636, 641 (R.I. 2014).

---

[6] Mr. Wagner does not raise any issues relating to whether the Notice of Default complied with the Mortgage terms.

7

### *4. Mr. Wagner Did Not Cure the Default*

The default was never cured. PHH, who took over as servicer for Ocwen, offered Mr. Wagner a TPP Offer, and he accepted it. PHH later terminated that offer because he failed to make the required three trial payments.

## IV. CONCLUSION

Because Deutsche Bank has met the legal requirements to begin the foreclosure process and none of Mr. Wagner's arguments are effective in the face of that proof, the Court finds that Deutsche Bank's motion for summary judgment on Counts I and III in support of an order of judicial foreclosure should be GRANTED. ECF No. 44. Judgment shall enter for Plaintiffs as to Counts I and III. Deutsche Bank waives the relief sought in Count II. The Court GRANTS Deutsche Bank's Motion to Strike Mr. Wagner's Counterclaims. ECF No. 62.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

January 27, 2023